IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JOHN SWATY
ADC #134916                                                                                    PETITIONER

VS.                                    5:08CV00256 JTR

LARRY NORRIS, Director,
Arkansas Department of Corrections                                              RESPONDENT

### MEMORANDUM AND ORDER

#### I. Background

Pending before the Court[1] is a § 2254 Petition for a Writ of Habeas Corpus filed by Petitioner, John Swaty. (Docket entry #1.) Respondent has filed a Motion to Dismiss, arguing that the Petition, filed on September 12, 2008, is untimely. (Docket entry #4.) Petitioner has filed a Response to the Motion to Dismiss. (Docket entry #6.) Thus, the issues are joined and ready for disposition.

Before addressing Respondent's Motion, the Court will review the relevant procedural history of the case. On November 16, 2005, a Miller County jury convicted Petitioner of second-degree sexual assault. (Docket entry #1 at 1.) Petitioner received an 240-month sentence in the Arkansas Department of Correction. *Id.*

In his appeal to the Arkansas Court of Appeals, Petitioner argued that: (1) the State presented insufficient evidence to support his conviction; (2) the victim did not identify him at trial; (3) expert

---

[1]The parties have consented to proceedings before a United States Magistrate Judge. (Docket entry #9.)

1

testimony was erroneously admitted at trial; and (4) the victim was incompetent to testify.[2] On December 13, 2006, the Arkansas Court of Appeals affirmed. *Swaty v. State*, 2006 WL 3616937, *1 (Ark. App. Dec. 13, 2006) (unpublished decision).

On January 24, 2007, the Arkansas Court of Appeals denied Petitioner's request for rehearing. (Docket entry #5, Ex. A.) On the same date, the appellate mandate issued. (Docket entry #5, Ex. A.) Petitioner did not seek certiorari from the United States Supreme Court and did not pursue postconviction relief in state court.

On September 12, 2008, Petitioner filed this federal habeas action. (Docket entry #1.) In his Petition, he argues that: (1) the trial court erroneously assessed the victim's competency to testify; (2) the trial court erred in admitting into evidence a report and testimony from a psychological examiner; and (3) his trial counsel was ineffective. (Docket entry #1.) In his Motion to Dismiss, Respondent argues that Petitioner's claims are all barred by the applicable statute of limitations. (Docket entry #4.)

For the reasons explained below, the Court concludes that Petitioner's habeas claims are all time barred. Thus, Respondent's Motion to Dismiss will be granted, and the case will be dismissed, with prejudice.

## II. Discussion

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), provides that a habeas petition must be filed within one year of the date on which the state "judgment became final by the

---

[2] The victim, who was 16-years old at the time of the crime, was developmentally delayed and "had the functioning capacity of a four year old." *Swaty v. State*, 2006 WL 3616937, *1 (Ark. App Dec. 13, 2006.) (unpublished decision). Petitioner was the victim's teacher in a special-education class. *Id.*

conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Where certiorari from the United States Supreme Court is not sought, the running of the statute of limitations, for purposes of § 2244(d)(1)(A), "is triggered . . . by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ [of certiorari]." *Smith v. Bowersox*, 159 F.3d 345, 348 (8th Cir.1998), *cert. denied*, 525 U.S. 1187 (1999).

Notably, Respondent calculates that Petitioner's judgment became "final" on January 24, 2007, when the Arkansas Court of Appeals denied Petitioner's request for rehearing and the appellate mandate issued. According to Respondent, Petitioner is not entitled to the 90 days allowed for filing a petition for writ of certiorari with the United States Supreme Court because the Arkansas Court of Appeals is not a "state court of last resort" from which certiorari is available. *See* Rule 13.1 of the Rules of the United States Supreme Court.[3] Respondent argues that Petitioner would only have been able to claim the benefit of this 90-day time period if he had first petitioned the Arkansas

---

[3]Rule 13.1 provides the following: "A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review." *See also* 28 U.S.C. 1257(a) ("Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari[.]")

In *Riddle v. Kemna*, 523 F.3d 850 (8th Cir. 2008) (*en banc*), the Eighth Circuit held that the Missouri Court of Appeals was not a "state court of last resort" and, therefore, that the petitioner was *not* entitled to the 90-day certiorari period because he did not request discretionary review of his appeal from the Missouri Supreme Court. *Compare Ben-Yah v. Norris*, 570 F. Supp.2d 1086 (E.D. Ark. 2008) (applying *Riddle* and concluding that the Arkansas Court of Appeals is *not* a "state court of last resort") *with Collier v. Norris*, 402 F. Supp.2d 1026 (E.D. Ark. 2005) (pre-*Riddle* decision concluding that the Arkansas Court of Appeals is a "state court of last resort").

Supreme Court for review of the adverse Arkansas Court of Appeals decision.[4]

The Court does not need to decide this question, because the Petition is untimely regardless of whether Petitioner is given the benefit of the 90-day certiorari period. If Petitioner's judgment was "final" on January 24, 2007, when the Arkansas Court of Appeals' mandate issued, he had one year, or until January 24, 2008, to file his Petition. Alternatively, if Petitioner had an additional 90 days in which he could have petitioned the United States Supreme Court for certiorari, his judgment would have become "final" on April 24, 2007, giving him one year, or until April 24, 2008, to file his Petition.

Although Petitioner filed his federal habeas Petition on September 12, 2008, he signed the Petition on September 5, 2008.[5] (Docket entry #1.) Assuming Petitioner placed his federal habeas Petition in the prison mail system on September 5, 2008, it was untimely by 225 days under the first scenario, and untimely by 134 days under the second scenario.

The AEDPA also provides that the one-year limitations period is tolled while a "properly filed" application for post-conviction relief is pending in state court. 28 U.S.C. § 2244(d)(2). The statutory tolling period begins when a petition for post-conviction relief is filed in the trial court and

---

[4]As indicated earlier, the docket sheet in Petitioner's appeal reflects that he petitioned the Arkansas Court of Appeals for rehearing, but he did *not* petition the Arkansas Supreme Court for review of the decision. *See* docket entry #5, Ex. A.

[5]The Eighth Circuit has held that, in analyzing whether a federal habeas petition is timely filed by a state prisoner, within AEDPA's limitations period, the "prison mailbox rule" applies. *See Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999), *abrogated on other grounds*, 523 F.3d 850 (8th Cir. 2008) ("we hold that, for purposes of applying 28 U.S.C. § 2244(d), a *pro se* prisoner's petition for a writ of habeas corpus is filed on the date it is delivered to prison authorities for mailing to the clerk of the court"). Under this rule, "a *pro se* inmate's § 2254 petition is timely filed if it is deposited in the institution's internal mail system on or before the last day for filing[.]" *Nichols*, 172 F.3d at 1077 n.5.

runs, in one continuous block of time, until the highest state appellate court enters a decision on appeal. *Carey v. Saffold*, 536 U.S. 214, 219-221 (2002). In this case, statutory tolling is not applicable because Petitioner did not pursue state-court postconviction relief.

Finally, because 28 U.S.C. § 2244(d) is a statute of limitation, rather than a jurisdictional bar, equitable tolling may be applicable. *Moore v. United States*, 173 F.3d 1131, 1134 (8th Cir. 1999). Equitable tolling is proper "only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time," or when "conduct of the defendant has lulled the plaintiff into inaction." *Kreutzer v. Bowersox*, 231 F.3d 460, 462 (8th Cir. 2000).

Petitioner argues that equitable tolling is warranted because he did not have access to a law library and legal materials between his initial incarceration in the Miller County jail, and his subsequent placement in administrative segregation in the ADC. Petitioner alleges that he did not have access to a law library and legal materials until September 10, 2007. From this date, Petitioner reasons that he had one year, until September 10, 2008, to file his Petition.

Even accepting Petitioner's assertions at face value, his chronology does not explain why he could not file a timely federal habeas Petition. Even if Petitioner's first access to a law library was in September of 2007, he still had approximately three months before the original limitations period expired. Furthermore, the Eighth Circuit has rejected similar allegations of limited access to a law library or legal materials as a sufficient basis for invoking equitable tolling. *See, e.g. Earl v. Fabian*, 556 F.3d 717, 724-25 (8th Cir. 2009); *Baker v. Norris*, 321 F.3d 769, 771 (8th Cir. 2003).[6]

---

[6] Petitioner also claims that, at an unspecified time after his appeal, he contacted a new lawyer who advised him that the time period for filing a Rule 37 Petition in state court had expired, and that it "seemed that" the one-year limitations period for filing a federal habeas petition had expired. (Docket entry #1 at 18.)

To the extent that Petitioner might be suggesting that he received erroneous advice, he has

Finally, Petitioner argues that he is "actually innocent," a contention which may be relevant to equitable tolling. *See Flanders v. Graves*, 299 F.3d 974, 977-78 (8th Cir. 2002), *cert. denied*, 537 U.S. 1236 (2003) (actual innocence may be relevant to equitable tolling where a petitioner shows some action or inaction on respondent's part that prevented him from discovering the relevant facts establishing innocence in a timely fashion, or, at the very least, that a reasonably diligent petitioner could not have discovered these facts in time to file a petition within the period of limitations). In support of this argument, Petitioner contends that an expert witness should have been hired on his behalf that would have explained the victim's allegations and behavior as characteristics of his mental retardation. Petitioner has also submitted affidavits from his wife and a friend who maintain Petitioner's innocence and good character. (Docket entry #8.)

In making these arguments, Petitioner has *not* come forward with any new relevant facts establishing his innocence. Likewise, Petitioner has made no showing of how Respondent prevented him from discovering any relevant facts in a timely fashion or how a reasonably diligent petitioner could not have discovered the facts within the one-year limitations period. Thus, the Court concludes that Petitioner's "actual innocence" argument does not support equitable tolling of the statute of limitations.

### III. Conclusion

IT IS THEREFORE ORDERED THAT:

1. Respondent's Motion to Dismiss (docket entry #4) is GRANTED.

---

not established the sort of "serious attorney misconduct" that might warrant equitable tolling. "[S]erious attorney misconduct," as opposed to mere negligence, may warrant equitable tolling. *See United States v. Martin*, 408 F.3d 1089, 1093 (8th Cir. 2005) (*citing Spitsyn v. Moore*, 345 F.3d 796, 798 (9th Cir.2003) (tolling statute of limitations due to the "extraordinary circumstance" of egregious misconduct on the part of petitioner's attorney)).

2.  The Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (docket entry #1) is DENIED, and the case is DISMISSED, WITH PREJUDICE.

Dated this 5 day of June, 2009.

_____
UNITED STATES MAGISTRATE JUDGE